IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRACY H. NEIBERGER, | ) |
| Petitioner, | ) ) ) |
| vs. | ) )   Case No. 13-CV-751-GKF-TLW |
| TRACY McCOLLUM, Warden, | ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 7). Petitioner, a state inmate appearing pro se, filed a response (Dkt. # 9) to the motion to dismiss. For the reasons discussed below, the Court finds that the petition was not timely filed. Therefore, Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

*BACKGROUND*

Petitioner states that on July 18, 2002, in Tulsa County District Court, Case No. CF-2002-1899, he entered blind pleas of guilty to four (4) counts of Robbery by Force (Counts 1, 2, 4, and 5), and one (1) count of Attempted Robbery by Force (Count 3). See Dkt. # 1 at 2; see also Dkt. # 8-2 at 1. On that date, the state district judge sentenced Petitioner to thirty-five (35) years imprisonment on Count 1, forty (40) years imprisonment on Count 2, twenty-five (25) years imprisonment on Count 3, forty-five (45) years imprisonment on Count 4, and fifty (50) years imprisonment on Count 5, and ordered the sentences to be served consecutively. See Dkt. # 8-1. Petitioner filed a timely motion to withdraw pleas. Id. After the trial court judge denied the motion,

Petitioner filed a petition for writ of certiorari in the Oklahoma Court of Criminal Appeals ("OCCA"). In an unpublished summary opinion, filed April 25, 2003, in Case No. C-2002-1023, the OCCA denied the petition for writ of certiorari. Id. Petitioner did not file a petition for writ of certiorari at the United States Supreme Court.

On April 26, 2004, Petitioner filed a motion for judicial review and prayer for sentence modification. See Dkt. # 8-3 at 2. The trial court denied the request on May 7, 2004. Id.

More than seven (7) years later, on December 28, 2011, Petitioner filed an application for post-conviction relief. See Dkt. # 8-2. By order filed February 22, 2012, the state district judge denied Petitioner's request for post-conviction relief. See Dkt. # 8-3. Petitioner did not perfect a timely post-conviction appeal to the OCCA.

On May 22, 2013, or more than one (1) year after the denial of his first application for post-conviction relief, Petitioner filed a "supplemental amended 2nd application for post-conviction relief." See Dkt. # 8-4. The state district judge denied the second application on July 18, 2013. See Dkt. # 8-5. Petitioner perfected a post-conviction appeal to the OCCA. By Order filed October 16, 2013, in Case No. PC-2013-0740, the OCCA affirmed the denial of Petitioner's second application for post-conviction relief. See Dkt. # 8-6.

Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1) on November 18, 2013. He identifies eight (8) grounds of error. See id. Respondent argues that consideration of this habeas corpus petition is precluded by the one-year statute of limitations provided at 28 U.S.C. § 2244(d). See Dkt. #s 7, 8.

*ANALYSIS*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> 
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> 
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

To the extent Petitioner challenges the validity of his conviction and sentence, entered by the state district court on July 18, 2002, his one-year limitations period began to run, under 28 U.S.C. § 2244(d)(1)(A), when his conviction became final. Petitioner's conviction became final on July 24, 2003, after the OCCA denied certiorari on April 25, 2003, and the 90 day time period for filing a petition for writ of certiorari in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, Petitioner's one-year limitations clock

began to run on July 25, 2003, and, absent a tolling event, a federal petition for writ of habeas corpus filed after July 25, 2004, would be untimely.  See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline); Harris v. Dinwiddie, 642 F.3d 902, 907 n.6 (10th Cir. 2011).  Petitioner commenced this action on November 18, 2013, or more than nine (9) years beyond the deadline.  Absent either statutory or equitable tolling, the petition is time-barred.

On April 26, 2004, or prior to the AEDPA deadline, Petitioner filed a motion for judicial review and prayer for sentence modification.  See Dkt. # 8-3 at 2. The trial court denied the request on May 7, 2004.  Id.  Thus, the motion was pending for eleven (11) days. Therefore, if the request for judicial review served to toll the one-year limitations period under § 2244(d)(2), then Petitioner's deadline for filing a federal petition for writ of habeas corpus was extended by eleven (11) days, or until August 5, 2004.  See Wall v. Kholi, 131 S. Ct. 1278 (2011) (holding that a motion to reduce sentence under Rhode Island law is an application for "collateral review" that triggers AEDPA's tolling provision provided at 28 U.S.C. § 2244(d)(2)).[1]

---

[1]The Court recognizes that in unpublished opinions, panels of the Tenth Circuit Court of Appeals have determined that a motion for judicial review, as provided under Oklahoma law, is not an "application for State post-conviction or other collateral review" for purposes of tolling the limitations period under 28 U.S.C. § 2244(d)(2).  See, e.g., Bohon v. Oklahoma, 313 Fed. Appx. 82, 84 n.1 (10th Cir. 2008) (unpublished); Nicholson v. Higgins, 147 Fed. Appx. 7, 8 n.2 (10th Cir. 2005) (unpublished) (determining that because motions for judicial review, pursuant to Okla. Stat. tit. 22, § 982a, seek discretionary review and their denial is not appealable, they cannot be construed as applications for post-conviction relief and do not toll the limitations period under § 2244(d)(2)); see also Clemens v. Sutter, 230 Fed. Appx. 832, 834 n.1 (10th Cir. 2007) (unpublished). However, those opinions predate the United States Supreme Court ruling entered in Wall. To date, the Tenth Circuit has not addressed whether the Wall holding applies to a case involving a motion for judicial review filed pursuant to Oklahoma law. In the instant case, however, the petition is time barred even if Petitioner is credited with the time his motion for judicial review was pending.

While Petitioner filed his motion for judicial review before the AEDPA deadline, he did not file his first application for post-conviction relief until long after the one-year limitations period had expired. Petitioner's first application for post-conviction relief was not filed until December 28, 2011, or more than seven (7) years after the August 5, 2004, deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, neither of the post-conviction proceedings commenced by Petitioner after expiration of the limitations period served to toll the limitations period.

In his response to the motion to dismiss, Petitioner claims that "state impeadiment [sic] to exhausting state remedies were [sic] lifted in 2013, thereby overcoming Respondent's time bar augerments [sic]." See Dkt. # 9 at 1-2. He makes the generalized allegation that "[t]rigger date are [sic] tolling while state impeadiments [sic] prevented access to a law libary [sic], law books, research materials, legal-assistance, prison lock downs, etc., to discover new law, new Supreme Court rulings, new witnesses, new evidence." That generalized allegation, however, is insufficient to entitle Petitioner to statutory tolling under 28 U.S.C. § 2244(d)(1)(B). Petitioner fails to explain how alleged restrictions on his access to legal materials impeded his ability to file a timely habeas petition. Weibley v. Kaiser, 50 F. A'ppx 399, 403 (10th Cir. 2002) (unpublished)[2] (holding petitioner's claim "insufficient because he does not allege specific facts that demonstrate how his alleged denial of [legal] materials impeded his ability to file a federal habeas petition" in a timely manner). Petitioner is not entitled to statutory tolling under § 2244(d)(1)(B).

---

[2]This and all other unpublished opinions are not precedential but are cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

The Court also recognizes that Petitioner references Lafler v. Cooper, 132 S. Ct. 1376 (2012) (clarifying that the Sixth Amendment right to effective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 686 (1984), extends to the negotiation and consideration of a plea offer that has been rejected), Missouri v. Frye, 132 S. Ct. 1399 (2012) (finding counsel performed deficiently in failing to communicate timely a written plea offer), and Padilla v. Kentucky, 559 U.S. 356 (2010) (requiring defense counsel to advise defendant about the risk of deportation arising from a guilty plea). See Dkt. # 14. To the extent Petitioner invokes 28 U.S.C. § 2244(d)(1)(C) to argue his petition is timely, his effort fails for several reasons. First, Petitioner failed to file his habeas petition within one-year of the issuance of any of the cited opinions. In addition, the sparse and conclusory allegations of the petition do not appear to fall within the holdings of the Supreme Court opinions cited. Petitioner does not contend that he rejected a plea offer and proceeded to trial based on counsel's bad advice; instead he appears to claim that he entered a blind plea based on counsel's bad advice. Thus, this case appears to be readily distinguishable from Lafler and the holding in Lafler does not apply. Similarly, Petitioner does not contend that his trial attorney failed to communicate a written plea offer in a timely manner. Thus, this case appears to be distinguishable from Frye and the holding in Frye does not apply. Further, nothing in the record suggests that Petitioner faces deportation. Thus, this case appears to be distinguishable from Padilla and its holding does not apply.

In addition, the Supreme Court has held that Padilla does not apply retroactively. Chaidez v. United States, 133 S. Ct. 1103 (2013). Furthermore, the Tenth Circuit Court of Appeals has found that Frye and Lafler did not establish a newly recognized constitutional right and, as a result, did not provide a basis for statutory tolling of the one-year limitations period for filing of a federal inmate's

motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. United States v. Sheridan, 2014 WL 1363971 (10th Cir. 2014) (unpublished) (relying on In re Graham, 714 F.3d 1181, 1183 (10th Cir. 2013)). Further, at least three other circuits have expressly found that Lafler did not announce a new rule of constitutional law and therefore cannot be said to apply "retroactively" or render timely an untimely federal habeas petition under § 2244(d)(1)(C). See In re King, 697 F.3d 1189 (5th Cir. 2012) (considering application to file successive petition); Hare v. United States, 688 F.3d 878, 879 (7th Cir. 2012) (same); In re Perez, 682 F.3d 930, 932 (11th Cir. 2012) (same); see also Alvarez v. Chapdelaine, No. 11-CV-03018-LTB, 2012 WL 1470144, at *2 (D. Colo. Apr. 27, 2012) (unpublished); Sakellaridis v. Warden, No. EDCV 12-00464 ODW (AN), 2012 WL 2374562, at *4 (C.D. Cal. June 22, 2012) (unpublished) (holding that Lafler not retroactively applicable new rule under § 2244(d)(1)(C)); Turner v. Superintendent, No. 4:12-CV-51-TLS, 2012 WL 4794449, at *4 (N.D. Ind. Oct.9, 2012) (unpublished) (same). The Court agrees with the rationale of those rulings and finds that Petitioner cannot use § 2244(d)(1)(C) to bring a timely habeas claim based on Lafler or Frye because neither case announced a new rule of constitutional law.

The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). However, to be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir.2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to

"'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Nothing in the record before the Court suggests that Petitioner is entitled to equitable tolling. In response to the motion to dismiss, Petitioner argues that his habeas petition is not time barred because "[f]rom July 25, 2003, until the filing of this action in 2013, Petitioner was exhausting his state court remedies as required by the AEDPA." See Dkt. # 9 at 1. However, the record simply does not support that claim. Petitioner also refers to a "10th Cir. court order allowing Petitioner to return to state courts to exhaust claims, and then file this petition, so Respondent's motion [to dismiss] must be denied." Id. However, Petitioner fails to provide or identify the referenced order from the Tenth Circuit Court of Appeals. Similarly, Petitioner claims "newly discovered actual innoisnce [sic] evidence was not found until 2013, requiring re-setting the AEDPA clock to one year after exhausting state remidies [sic]." Again, however, he fails to identify the "newly discovered" evidence of his actual innocence.

Also, Petitioner's claim of restricted access to legal materials is insufficient to justify equitable tolling. See Miller, 141 F.3d at 978 (denying relief where petitioner "provided no specificity regarding the alleged lack of access" and how it impacted his delay, explaining that "[i]t is not enough to say that the [prison] facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate"); Garcia v. Hatch, 343 F. A'ppx 316, 318 (10th Cir. 2009) (unpublished) (same); United States v. Martinez, 303 F. A'ppx. 590, 596 (10th Cir. 2008) (unpublished) (refusing equitable tolling because petitioner "has not provided this Court with specific details regarding what restrictions actually were placed on his access to legal materials or how such restrictions hindered his ability to file his § 2255 motion" in a timely manner). "[A] claim

8

of insufficient access to relevant law . . . is not enough to support equitable tolling." Gibson, 232 F.3d at 808. Petitioner is not entitled to equitable tolling based on his conclusory allegations regarding restricted access to legal materials.

Petitioner has not demonstrated that he pursued his claims diligently nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Id. As a result, Petitioner is not entitled to equitable tolling.

## *CONCLUSION*

The Court concludes that this petition is untimely. Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

## **Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing."  A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action based on the statute of limitations is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 7) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3. A separate Judgment shall be entered in this case.

4. A certificate of appealability is **denied**.

**DATED** this 7th day of May, 2014.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT